## Urbany, Appellant, *v.* Frick Coke Company.

Argued April 19, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and HIRT, JJ.

*J. I. Hook,* of *Scott and Hook,* for appellant.

*Buell B. Whitehill,* of *Whitehill & Lane,* for appellee.

OPINION BY BALDRIGE, J., June 26, 1940:

The question for consideration in this appeal is whether the claimant by sufficient competent evidence proved a compensable accident. The referee and the board found that he did, and the court below held he did not.

The claimant was employed by the defendant on April 13, 1936 as a miner. On the fourth day of his employment about the time he was quitting work, while carrying a post six or seven feet long weighing one hundred pounds or more to his working place, which was part of his usual duties, he felt "something crack in his back." He made no reference of the occurrence to his buddy, came out of the mine, clocked his time card and recorded on it that he had not had any accident.

That night he told the assistant foreman that his back was sore. The next day, Friday, the mine was closed. He worked Saturday and at the end of the day he complained of pain in his back to the assistant foreman. The following Monday he reported off to the assistant superintendent owing to the condition of his back. He then visited an osteopath, and later consulted other doctors. One sent him to the Veterans' Hospital at Aspinwall where he received treatment for the condition in his back, and his tonsils were removed.

After receiving further medical treatment he was able to resume work on December 22, 1936, being employed by the Kelly Creek Colliery Company, where he has been steadily working as a coal driller and cutter.

At the time of the hearing, March 8, 1937, he said that the soreness in the middle of his back and in his hip persisted. He admitted that for several years he had experienced trouble but attributed it to rheumatism in the hips and joints.

Knuckles, his buddy, testified that both before and after the alleged accident the claimant complained to him of being sore.

Dr. Peters, called by the claimant, testified that he had treated him five or six times in the past five years, principally for tonsillitis, and rheumatism in his wrists, shoulders, ankles and back; that after the alleged accident the claimant consulted him, complaining of soreness in the lumbar region, and upon examination he diagnosed his trouble as lumbago. The doctor attributed his pain prior to the alleged accident to his tonsils. He found in his last examination no evidence of any deformity, swelling, or aggravation of his previous troubles, as his suffering seemed to be about the same as when he visited him on previous occasions.

Dr. Robinsteen, an orthopedic surgeon, testified for the claimant, that the first time he treated him was October 13, 1937. From his examination and the history given by the claimant this witness concluded that as a result of an accident as related to him, he had suffered a dislocation of the right sacroiliac joint.

Witnesses called upon the part of the defendant testified that the claimant complained after the accident of the pain but he said he did not know whether it was due to lumbago or from lifting the post.

Dr. Sherman, called by the defendant, examined claimant on January 17, 1938, and found but a slight rigidity of the lumbar muscle in the lower part of the back, in no way associated with an injury.

The only medical evidence of any causal relation between the alleged accident and the claimant's disability was that of Dr. Robinsteen. He testified that the claimant told him that he had lifted a post about a year and a half prior thereto, and felt "something crack in his back," and as a result he was unable to straighten up; that he was bent over for quite a few weeks, and of the treatments he had received from different doctors, but he did not inform the witness that for five or six years he had lumbago, rheumatism, and diseased tonsils. These were very material matters, essential to a correct diagnosis of the claimant's trouble, which destroy the effectiveness of Dr. Robinsteen's testimony.

The claimant, as above noted, was apparently doubtful of the cause of his trouble and his own physician was of the opinion that the pain was from lumbago which was attributable to his tonsils. It is quite evident that his back had been giving him trouble for years.

This case is similar in many of its facts to *DiFazio v. J. G. Brill Company et al.*, 133 Pa. Superior Ct. 576, 3 A. 2d 216, where the claimant alleged he had sustained an injury to his back, which had been previously afflicted. The lower court, reversing the board, held that the claimant had not met the burden of showing by sufficient competent evidence that an accident had occurred, as there was no proof of any mishap or unexpected occurrence such as tripping, slipping, or falling. Like the instant case there was simply shown a disability overtaking one doing his usual work in the ordinary manner. We held the evidence was insufficient to support an award.

We do not have an unbroken sequence of events of a well established accidental injury being followed by results that are so directly and immediately, or naturally and probably, attributable to the injury that the causal connection between them does not depend upon the testimony of medical experts, but may be inferred by laymen: *Dorsch v. Fisher Scientific Company et al.*,

136 Pa. Superior Ct. 197, 7 A. 2d 604; *Mosser v. Mercersburg Academy et al.,* 139 Pa. Superior Ct. 111, 11 A. 2d 490. True, compensation authorities are not required in all cases to depend solely on expert medical testimony, but where, as here, there is a serious question as to whether the disability is the result of an accident, unequivocal medical testimony is necessary: *Mohr v. Desimone and Sayers,* 110 Pa. Superior Ct. 44, 167 A. 504.

Our conclusion is that the claimant failed to carry the burden of showing a causal relation between the accident and the disability by sufficient competent evidence.

The judgment of the court is affirmed.